■ EL GALLO MEAT MARKET, INC., Respondent, v GALLO MARKET, INC., et al., Appellants. [729 NYS2d 116] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered November 3, 2000, which, to the extent appealed from, granted defendants' motion for a stay of this ejectment action based on a prior action pending between the same parties, conditioned on defendants' posting of security and payment of use and occupancy at the rate of $15,000 per month to the owner of the subject premises, unanimously modified, on the law and the facts, to strike all financial conditions imposed upon defendants, and otherwise affirmed, without costs, and the matter remanded without prejudice to further proceedings addressed to the continuation or dissolution of the stay. Order, same court and Justice, entered November 29, 2000, which granted plaintiff's motion for past use and occupancy in the amount of $345,518.91 and future use and occupancy at the rate of $13,520 per month, unanimously reversed, on the law, without costs, the motion denied, and the Clerk directed to vacate the judgment thereon, which was entered on or about December 5, 2000.

In granting the stay based upon "another action pending" (CPLR 3211 [a] [4]), the IAS court relied entirely on a holdover proceeding entitled *NRP LLC II v El Gallo Meat Mkt.* (index No. 53395/00), understood to be pending in the Landlord-Tenant Part of Civil Court, New York County. Plaintiff asserts in its responding brief herein that Judge Acosta dismissed that proceeding on July 27, 2000, and defendants fail to refute or even address that assertion in their reply brief. With equal diffidence, plaintiff has not provided this Court with a copy of Judge Acosta's dismissal order, even though it filed a supplemental record. Evidently the litigants never apprized the IAS court of this development during the four-month interval prior to the orders of November 2000.

We express no opinion as to whether the action pending between these parties and others in Supreme Court, Bronx County, could provide the predicate for a stay. Accordingly, we remand the matter to provide the parties and the IAS court an opportunity to revisit and reconsider this issue in light of the fact that the supposed prior action on which the stay now rests may not have been in existence at the time.

Notwithstanding our remand, we vacate the use and occupancy payments directed by the IAS court. The right to re-

cover reasonable interim use and occupancy here rests exclusively with the landlord because it is derived solely from a landlord's statutory right to a final award of such relief (Real Property Law § 220). A landlord-tenant relationship is the *sine qua non* for this remedy (*see, 14 Second Ave. Realty Corp. v Anne Steven Corp.*, 16 AD2d 751, *affd* 12 NY2d 919). In this ejectment action, plaintiff is an out-of-possession tenant claiming a superior possessory right to the supermarket premises under a long-term lease; defendants collectively claim possession by reason of a disputed (allegedly forged) assignment and lease from the landlord, and their alleged (and also disputed) full performance of a purchase arrangement with plaintiff. Concur—Rosenberger, J. P., Tom, Mazzarelli, Wallach and Friedman, JJ.