Congregation Erech Shai Bais Yosef, Inc. v Werzberger (2020 NY Slip Op 07538)





Congregation Erech Shai Bais Yosef, Inc. v Werzberger


2020 NY Slip Op 07538


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-03090
 (Index No. 516604/18)

[*1]Congregation Erech Shai Bais Yosef, Inc., et al., respondents, 
v
Yoel Werzberger, et al., appellants.


J. Michael Gottesman, Kew Gardens, NY (Lonuzzi & Woodland, LLP [John Lonuzzi], of counsel), for appellants.
Howard R. Birnbach, Great Neck, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 8, 2019. The order granted the plaintiffs' motions for a preliminary injunction enjoining the defendants from proceeding with the prosecution of three holdover proceedings commenced on behalf of the plaintiff Congregation Erech Shai Bais Yosef, Inc., in the Civil Court, Kings County, under Index Nos. 64471/18, 64472/18, and 64473/18, and to stay those proceedings, and denied the defendants' cross motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.
This action arises out of a dispute as to who is authorized to act on behalf of the plaintiff Congregation Erech Shai Bais Yosef, Inc. (hereinafter the Congregation), and, in turn, to control the use of real property located at 1364 57th Street in Brooklyn and held in the name of the Congregation (hereinafter the premises). The premises include three apartments where the plaintiffs Shulem Malek, Hillel Malek, Hedy Malek, Israel Boim, and Esther Boim (hereinafter collectively the tenant plaintiffs) reside and a basement that is used as a place of worship for the Congregation. In April 2018, the defendant Yoel Werzberger, who, according to an amended certificate of incorporation dated August 8, 2016, was elected on June 27, 2016, as a trustee and the president of the Congregation, purporting to act on behalf of the Congregation as its "President," commenced three holdover proceedings on behalf of the Congregation in the Civil Court, Kings County, to evict the tenant plaintiffs. According to the plaintiffs, no such election ever took place, and the amended certificate of incorporation dated August 8, 2016, which revokes the authority of Shulem Malek and the other trustees who were designated the trustees under the prior amended certificate of incorporation, is a nullity.
The plaintiffs commenced this action against the defendants, seeking, inter alia, a judgment declaring that the amended certificate of incorporation dated August 8, 2016, is null and void, and, in effect, that Werzberger was not authorized to act as the president on behalf of the Congregation in the holdover proceedings. In two separate motions, the plaintiffs moved for a preliminary injunction enjoining the defendants from proceeding with the prosecution of the holdover proceedings and to stay the holdover proceedings. The defendants cross-moved pursuant [*2]to CPLR 3211(a)(5) and (7) to dismiss the amended complaint. In an order dated March 8, 2019, the Supreme Court granted the plaintiffs' motions and denied the defendants' cross motion. The defendants appeal.
We agree with the Supreme Court's determination that the defendants were not entitled to dismissal of the amended complaint for failure to state a cause of action. The authority of the courts to consider the validity of a corporate election is set forth in Not-For-Profit Corporation Law § 618 (see Esformes v Brinn, 52 AD3d 459, 462). While the defendants argue that the amended complaint fails to state a cause of action in that it does not comply with the requirements for commencing a special proceeding pursuant to Not-For-Profit Corporation Law § 618, the plaintiffs allege that they do not come under the purview of that statute, as they are not challenging the validity of the election. The plaintiffs allege that, in fact, no election took place, removing the action from the ambit of Not-For-Profit Corporation Law § 618. Affording the amended complaint a liberal construction and giving the plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997), the amended complaint sufficiently states a cause of action. Where, as here, "a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]).
"To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Herczl v Feinsilver, 153 AD3d 1338, 1338). "'The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual'" (Perpignan v Persaud, 91 AD3d 622, 622, quoting Ruiz v Meloney, 26 AD3d 485, 486). "As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637; see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942). Moreover, "[w]here, as here, the denial of a preliminary injunction would disturb the status quo and render the final judgment ineffectual, the degree of proof required to establish the element of likelihood of success on the merits should be reduced" (North Fork Preserve, Inc. v Kaplan, 31 AD3d 403, 406; see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 943; State of New York v City of New York, 275 AD2d 740, 741).
Here, the Supreme Court providently exercised its discretion in granting a preliminary injunction and staying the holdover proceedings. The plaintiffs met the reduced standard for likelihood of success on the merits by showing that, absent a preliminary injunction, the tenant plaintiffs' eviction from the premises would render a judgment in the instant action ineffectual (see Deutsch v Grunwald, 165 AD3d 1035, 1037; Gramercy Co. v Benenson, 223 AD2d 497, 498). In addition, the plaintiffs satisfied the irreparable harm requirement by showing that, without a preliminary injunction, the tenant plaintiffs were subject to eviction from the premises (see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 637; Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 943). Finally, a balance of the equities favors the granting of preliminary injunctive relief to maintain the status quo pending the resolution of the instant action (see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 637-638; Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 943).
However, in imposing a preliminary injunction, the Supreme Court was required to direct the plaintiffs to post an undertaking (see CPLR 6312[b]; 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 702), but failed to do so. Therefore, we remit the matter to the Supreme Court, Kings County, for the fixing of the amount of an undertaking (see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 638; Winzelberg v 1319 50th Realty Corp., 52 AD3d 700, 702). "'The amount of the undertaking . . . must not be based upon speculation and must be rationally related to the damages the [defendants] might suffer if the court later [*3]determines that the relief to which the undertaking relates should not have been granted'" (Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874, quoting Access Med. Group, P.C. v Straus Family Capital Group, LLC, 44 AD3d 975, 975).
The defendants' remaining contention is without merit.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court