Seagate Mini Mall, Inc. v Seagate Assn., Inc. (2022 NY Slip Op 00206)





Seagate Mini Mall, Inc. v Seagate Assn., Inc.


2022 NY Slip Op 00206


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-02302 
2018-05380
 (Index No. 520145/17)

[*1]Seagate Mini Mall, Inc., et al., respondents,
v
Seagate Association, Inc., appellant.


Trivella & Forte, LLP, White Plains, NY (Arthur J. Muller III of counsel), for appellant.
Yoram Nachimovsky, PLLC, New York, NY (Nicholas S. Ratush of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance and for injunctive relief, the defendant appeals from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated December 4, 2017, and (2) an order of the same court dated April 25, 2018. The order dated December 4, 2017, granted the plaintiffs' motion to preliminarily enjoin the defendant from interfering with the plaintiffs' use of the subject property as a parking lot. The order dated April 25, 2018, insofar as appealed from, granted those branches of the plaintiffs' motion which were for leave to renew and reargue their prior motion for a preliminary injunction, which had been denied in an order of the same court dated March 21, 2018, in effect, vacating the determination in the order dated December 4, 2017, granting the plaintiff's prior motion, and, upon renewal and reargument, in effect, vacated the determination in the order dated March 21, 2018, denying the plaintiffs' prior motion for a preliminary injunction, and thereupon, granted the plaintiffs' prior motion for a preliminary injunction.
ORDERED that the appeal from the order dated December 4, 2017, is dismissed as academic; and it is further,
ORDERED that the order dated April 25, 2018, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for leave to renew their prior motion for a preliminary injunction, and substituting therefor a provision denying that branch of the plaintiffs' motion, and (2) by deleting the provision thereof, upon reargument, vacating the determination in the order dated March 21, 2018, denying the plaintiffs' prior motion for a preliminary injunction and thereupon granting that prior motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated March 21, 2018, denying the plaintiffs' prior motion for a preliminary injunction; as so modified, the order dated April 25, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs commenced this action against the defendant, inter alia, to recover damages allegedly resulting from the defendant's interference with the plaintiffs' use of a portion of real property on Mermaid Avenue in the Sea Gate neighborhood of Brooklyn as a parking lot (hereinafter the Mermaid Avenue property) in order to provide a means of vehicular access into Sea Gate by its residents. In an order dated December 4, 2017, the Supreme Court granted the plaintiffs' motion to preliminarily enjoin the defendant from interfering with the plaintiffs' use of the Mermaid Avenue property as a parking lot. Thereafter, by order dated March 21, 2018, the court, inter alia, in effect, vacated the determination in the order dated December 4, 2017, granting the plaintiffs' motion for a preliminary injunction, and denied that motion. The plaintiffs, among other things, moved for leave to renew and reargue their prior motion for a preliminary injunction. In an order dated April 25, 2018, the court, among other things, granted those branches of the plaintiffs' motion which were for leave to renew and reargue their prior motion, and thereupon, granted the plaintiffs' prior motion for a preliminary injunction. The defendant appeals from the orders dated December 4, 2017, and April 25, 2018.
The appeal from the order dated December 4, 2017, must be dismissed as academic in light of the order dated March 21, 2018, which, in effect, vacated the determination in the order dated December 4, 2017, granting the plaintiff's motion (see Zohar v LaRock, 185 AD3d 986, 987; Keshner v Hein Waters & Klein, 185 AD3d 807, 807-808).
The Supreme Court should have denied that branch of the plaintiffs' motion which was for leave to renew their prior motion for a preliminary injunction. The plaintiffs failed to offer a reasonable excuse for not presenting the alleged new facts on the prior motion, and, in any event, the additional facts would not have justified a change in the court's prior determination (see CPLR 2221[e]; Roumi v Guardian Life Ins. Co. of Am., 191 AD3d 911; Matter of Kessler v Towns, 67 AD3d 801, 802).
Contrary to the defendant's contention, the record does not demonstrate that the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to reargue their prior motion for a preliminary injunction. However, upon reargument, the court should not have granted the plaintiffs' prior motion for a preliminary injunction. "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591; see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167). In exercising that discretion, the Supreme Court must determine if the movant has established "(1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894 [internal quotation marks omitted]; see CPLR 6301; Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166-1167). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; see Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d at 894).
Here, the plaintiffs failed to establish a likelihood of success on the merits (see Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894). The parties' submissions indicate that the Mermaid Avenue property was conveyed to the plaintiffs subject to an easement benefitting other property owners in Sea Gate, which easement had not been extinguished (see Erit Realty Corp. v Sea Gate Assn., 249 NY 52, 54; Drabinksy v Seagate Assn., 239 NY 321, 325-328; Nassau Point Prop. Owners Assn., Inc. v Tirado, 29 AD3d 754, 757). Accordingly, the Supreme Court, upon reargument, erred in granting the plaintiffs' motion for a preliminary injunction.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court