Suchdev v Grunbaum (2022 NY Slip Op 01195)





Suchdev v Grunbaum


2022 NY Slip Op 01195


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.


2021-01950
 (Index No. 518435/20)

[*1]Sundeep Singh Suchdev, et al., appellants,
v
Judith Grunbaum, et al., respondents.


Communities Resist, Brooklyn, NY (Stephanie R. Rudolph, Christina Jones, and Freshfields Bruckhaus Deringer US, LLP [Selbie L. Jason, Scott A. Eisman, and Nathan S. Greenberg], of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber and Jonathan Schreier of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance and tenant harassment in violation of Administrative Code of the City of New York § 27-2005(d), and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 4, 2021. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for a preliminary injunction enjoining the defendants from operating video cameras in the interior portions of the subject property only to the extent of preliminarily enjoining the defendants from operating video cameras which capture any persons entering or exiting any bathrooms in the subject property.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was for a preliminary injunction enjoining the defendants from operating video cameras in the interior portions of the subject property is granted in its entirety.
The plaintiffs reside in a brownstone in Brooklyn that is operated as a single-room occupancy. The plaintiffs collectively share access to the property's kitchen, bathrooms, living area, and backyard. The defendant Judith Grunbaum purchased the property in 2015, and in 2016 Grunbaum commenced holdover proceedings in the Civil Court, Kings County, to recover possession of the property for her own personal use. The tenants named in those proceedings moved pursuant to CPLR 3211(a) to dismiss those proceedings pursuant to the Housing Stability Protection Act of 2019 (L 2019, ch 36), which they argued bars a property owner from recovering multiple rent stabilized units based upon an owner's proposed personal use. Grunbaum cross-moved pursuant to CPLR 3217(b) for leave to discontinue the proceedings. In an order dated June 10, 2020, the Civil Court, Kings County, granted Grunbaum's cross motion.
In September of 2020, the plaintiffs commenced this action, inter alia, to recover damages for private nuisance and tenant harassment in violation of Administrative Code of the City of New York § 27-2005(d), and for injunctive relief. They alleged in the complaint that, after the discontinuance of the holdover proceedings, Grunbaum and the other defendants began engaging in [*2]a course of conduct designed to cause them to vacate the property. That conduct included the installation of video cameras in the hallways of the property. The plaintiffs sought, among other things, an injunction preventing the defendants from maintaining video cameras in the interior portions of the property. The plaintiffs moved, inter alia, for a preliminary injunction enjoining the defendants from operating the video cameras in the interior portions of the property, and from conducting inspections on the property without reasonable notice. In an order dated January 28, 2021, the Supreme Court granted that branch of the motion which was for a preliminary injunction enjoining the defendants from conducting inspections on the property without reasonable notice. In an order dated March 4, 2021, the court, among other things, granted that branch of the motion which was for a preliminary injunction enjoining the defendants from operating the video cameras in the interior portions of the property only to the extent of preliminarily enjoining the defendants from operating video cameras which capture any persons entering or exiting any bathrooms on the property. The plaintiffs appeal from the order dated March 4, 2021.
Generally, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167; Matter of Goldfarb v Ramapo, 167 AD3d 1009, 1010). "[A] movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166-1167 [internal quotation marks omitted]; see GG Acquisitions, LLC v Mount Olive Baptist Church of Manhasset, 178 AD3d 1023, 1024). In granting, in part, those branches of the plaintiffs' motion which were for a preliminary injunction enjoining the defendants from operating the video cameras in the interior portions of the property and from conducting inspections on the property without reasonable notice, the court properly, in effect, determined that the plaintiffs had established a probability of success on the merits, a danger of irreparable injury, and that the equities favor them. The court, however, improvidently exercised its discretion in limiting that preliminary injunction to enjoining the defendants only from operating video cameras that capture persons entering or exiting any bathrooms in the property. Under the circumstances of this case, the court should have granted that branch of the plaintiffs' motion in its entirety, and preliminarily enjoined the defendants from operating video cameras in the interior portions of the property.
The defendants' remaining contentions are without merit.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court