Boyd v Assanah (2022 NY Slip Op 06461)

Boyd v Assanah

2022 NY Slip Op 06461

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-06371
 (Index No. 500352/19)

[*1]Jonathan Boyd, et al., respondents,
v
Ulric Assanah, appellant.

Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for appellant.
Tiffany A. Liston, New York, NY (Matthew Longobardi of counsel), for respondents.

DECISION & ORDER
In an action for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated February 21, 2019. The order granted the plaintiffs' motion for a preliminary injunction and directed each plaintiff to post an undertaking in the amount of only $25.
ORDERED that the order is affirmed, with costs.
The plaintiffs are all residents of a building in Brooklyn that is owned by the defendant (hereinafter the subject premises). In October 2018, the defendant served a notice of termination of the tenancy in the subject premises upon the plaintiffs, among others.
In January 2019, the plaintiffs commenced this action against the defendant seeking declarations, inter alia, that the subject premises are rent stabilized, that the plaintiffs are rent-stabilized permanent tenants, that the plaintiffs are entitled to leases in their names, and that the legal regulated rent for each plaintiff is $215 a month, and seeking a permanent injunction enjoining the defendant from evicting the plaintiffs except to the extent permitted by the Rent Stabilization Code. The plaintiffs moved for a preliminary injunction enjoining the defendant and his agents from commencing an eviction proceeding against them except to the extent that any such eviction proceeding asserted as a ground for eviction the nonpayment of rent or any ground authorized by the Rent Stabilization Code, from removing or evicting any of the plaintiffs without a court order, from harassing or retaliating against any of the plaintiffs, from removing any of the plaintiffs' property from their dwelling unit unless such plaintiff has been duly evicted by and pursuant to a court order, and from communicating with the plaintiffs concerning this action, except through their counsel. The Supreme Court granted the plaintiffs' motion and fixed an undertaking for each plaintiff in the amount of $25. The defendant appeals.
Generally, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167; Matter of Goldfarb v Ramapo, 167 AD3d 1009, 1010). "'Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination'" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1167, quoting Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). "To be entitled to a preliminary [*2]injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166-1167 [internal quotation marks omitted]; see GG Acquisitions, LLC v Mount Olive Baptist Church of Manhasset, 178 AD3d 1023, 1024).
Here, the Supreme Court properly determined that the plaintiffs established a probability of success on the merits, a danger of irreparable injury, and that the equities favor them. Contrary to the defendant's contentions, the threat of eviction can constitute a danger of irreparable injury (see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 943; Jiggets v Perales, 202 AD2d 341, 342; Chrysler Realty Corp. v Urban Inv. Corp., 100 AD2d 921, 923; see also Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1567-1568), and the granting of the preliminary injunction here did not improperly award the plaintiffs the ultimate relief sought in this action (see Jones v State Farm Fire & Cas. Co., 189 AD3d at 1568).
Contrary to the defendant's contention, the Supreme Court did not err in setting a nominal undertaking. "The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Ujueta v Euro-Quest Corp., 29 AD3d 895, 896; see Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874). Here, in light of the plaintiffs' asserted indigence, the court providently exercised its discretion in fixing the amount of the undertaking at $25 for each plaintiff (see Pouncy v Dudley, 27 AD3d 633, 635).
The defendant's remaining contentions are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court