Tahmin v Interlaken Owners, Inc. (2024 NY Slip Op 03511)

Tahmin v Interlaken Owners, Inc.

2024 NY Slip Op 03511

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-06175
 (Index No. 57943/21)

[*1]Khristine Tahmin, respondent,
v
Interlaken Owners, Inc., et al., appellants.

Novick Edelstein Pomerantz P.C., Yonkers, NY (Lawrence Schiro of counsel), for appellants.
Smith Buss & Jacobs, LLP, Yonkers, NY (Eric P. Blaha of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 30, 2021. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for a preliminary injunction enjoining the defendants from enforcing a certain notice to cure and fixed an undertaking only in the amount of rent accruing each month, and (2), in effect, denied, as academic, that branch of the plaintiff's motion which was for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the appeal from so much of the order as, in effect, denied, as academic, that branch of the plaintiff's motion which was for a Yellowstone injunction is dismissed, as the defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff is a proprietary lessee in a cooperative building owned by the defendant Interlaken Owners, Inc. (hereinafter the Owners), and managed by the defendant Board of Directors of Interlaken Owners, Inc. (hereinafter the Board). On January 22, 2021, a fire occurred in the plaintiff's apartment. In a notice to cure dated May 4, 2021, the Owners advised the plaintiff that she was in breach of the lease and that the only way to cure the default was to vacate and sell her apartment by June 11, 2021.
The plaintiff thereafter commenced this action, inter alia, for declaratory relief against the Owners and the Board (hereinafter together the defendants) by summons and verified complaint dated June 9, 2021. The plaintiff also moved, inter alia, for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) and a preliminary injunction pursuant to CPLR 6301 enjoining the defendants from taking any action threatened in the notice to cure during the pendency of this action. In an order dated July 30, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for a preliminary injunction pursuant to [*2]CPLR 6301 and fixed the undertaking required by CPLR 6312 in the amount of rent accruing each month. The court, in effect, denied, as academic, that branch of the plaintiff's motion which was for a Yellowstone injunction. The defendants appeal.
CPLR 6312(b) directs the court to fix an undertaking in an amount that will compensate the defendant for damages incurred "by reason of the injunction" in the event it is determined that the plaintiff was not entitled to the injunction (see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703). "The amount of the undertaking . . . must not be based upon speculation and must be rationally related to the damages the [defendants] might suffer if the court later determines that the relief to which the undertaking relates should not have been granted" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1168 [internal quotation marks omitted]). "The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Boyd v Assanah, 210 AD3d 855, 856-857 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in, in effect, fixing an undertaking that was rationally related to the amount of potential damages that the defendants might sustain (see id.; 538 Morgan Ave. Props., LLC v 538 Morgan Realty, LLC, 186 AD3d 657, 658; S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc., 57 AD3d 642, 643).
The defendants' contentions that the Supreme Court should have converted this action into a proceeding pursuant to CPLR article 78, and should have dismissed this action based on the application of the business judgment rule, are without merit since the defendants did not move for that relief (see Bailey v Brookdale Univ. Hosp. & Med. Ctr., 27 AD3d 677, 678).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court