Congregation Erech Shai Bais Yosef, Inc. v Werzberger (2025 NY Slip Op 05666)

Congregation Erech Shai Bais Yosef, Inc. v Werzberger

2025 NY Slip Op 05666

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-10026
 (Index No. 516604/18)

[*1]Congregation Erech Shai Bais Yosef, Inc., et al., respondents, 
v
Yoel Werzberger, et al., appellants.

J. Michael Gottesman, New York, NY, for appellant Shlomo Lisauer.
Seddio & Associates, P.C. (Kravet & Vogel, LLP, and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 23, 2023. The order, insofar as appealed from by the defendant Shlomo Lisauer, denied his motion pursuant to CPLR 3211(a) to dismiss the third amended complaint insofar as asserted against him or, in the alternative, to increase the amount of an undertaking. The appeal by the defendants Yoel Werzberger, Berry Lebowitz, Saul Wolhender, and Mordechai Malek was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, _____ AD3d _____ [Appellate Division Docket No. 2021-08505; decided herewith]). In 2018, the plaintiffs commenced this action, inter alia, for a judgment declaring that an amended certificate of incorporation dated August 8, 2016, was null and void. In an order dated March 8, 2019, the Supreme Court, among other things, granted the plaintiffs' motion for a preliminary injunction and to stay certain holdover proceedings. In a prior decision and order, this Court affirmed the order dated March 8, 2019, but remitted the matter to the Supreme Court, Kings County, for the fixing of the amount of an undertaking (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165). In an order dated September 23, 2021 (hereinafter the September 2021 order), the court, inter alia, set an amount for the undertaking and granted the plaintiffs leave to amend the amended complaint, among other things, to add Shlomo Lisauer as a defendant and four new causes of action.
In December 2021, Lisauer moved pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against him or, in the alternative, to increase the amount of the undertaking previously set in the September 2021 order to include use and occupancy payments. Thereafter, the Supreme Court granted the plaintiffs' motion for leave to amend the second amended complaint. Lisauer elected to have his pending motion be applied to the third amended complaint. In an order dated October 23, 2023, the court, inter alia, denied Lisauer's motion. Lisauer appeals. We affirm.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 727-728). "The doctrine of the law of the case operates to foreclose re-examination of the issue absent a showing of new factual circumstances, additional relevant evidence, or a change in the law that would warrant reconsideration of the issue" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d at 728 [citation omitted]; see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 756, 757).
Here, the Supreme Court properly determined that dismissal of the first three causes of action insofar as asserted against Lisauer was barred by the doctrine of the law of the case (see Wells Fargo Bank, N.A. v Archibald, 211 AD3d at 1082; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d at 727-728). Lisauer, who was purportedly elected as a trustee of the plaintiff Congregation Erech Shai Bais Yosef, Inc., in 2020, was in privity with the other defendants (see Buechel v Bain, 97 NY2d 295, 304), who had previously challenged the first three causes of action in a motion to dismiss that was denied, the denial of which was affirmed by this Court (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837; see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 752).
Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) and the motion is not converted to one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 807).
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages. A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [citations omitted]; see Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 997).
Here, affording the plaintiffs the benefit of every favorable inference, the facts asserted in the fourth cause of action fit within a cognizable legal theory alleging fraud (see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 752; Gorbatov v Tsirelman, 155 AD3d at 837). Further, none of the evidentiary material submitted demonstrated that a material fact claimed by the plaintiffs was not a fact at all (see Guggenheimer v Ginzburg, 43 NY2d at 274-275).
"Where, as here, a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166 [citations and internal quotation marks omitted]). Here, contrary to Lisauer's contention, the fifth and sixth causes of action, seeking equitable relief, were not duplicative of the first cause of action, as they sought alternative relief (see CPLR 3017). Furthermore, the seventh cause of action, seeking a permanent injunction, was not subject to dismissal as that relief was also sought in the alternative.
Finally, Lisauer failed to provide a basis to disturb the amount of the undertaking set by the September 2021 order (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1168; Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d at 874).
Lisauer's remaining contention is not properly before this Court.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court