Congregation Erech Shai Bais Yosef, Inc. v Werzberger (2025 NY Slip Op 05665)

Congregation Erech Shai Bais Yosef, Inc. v Werzberger

2025 NY Slip Op 05665

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-08505
 (Index No. 516604/18)

[*1]Congregation Erech Shai Bais Yosef, Inc., et al., respondents, 
v
Yoel Werzberger, et al., defendants- appellants; Mordechai Malek, nonparty-appellant.

J. Michael Gottesman, New York, NY, for defendants-appellants and nonparty- appellant.
Seddio & Associates, P.C. (Kravet & Vogel, LLP, and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendants and nonparty Mordechai Malek appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 23, 2021. The order, insofar as appealed from, (1) denied the defendants' motion to compel the plaintiffs Shulem Malek, Hillel Malek, Hedy Malek, Israel Boim, and Esther Boim to pay use and occupancy and to disqualify counsel for those plaintiffs from representing the plaintiff Congregation Erech Shai Bais Yosef, Inc., (2) granted the plaintiffs' cross-motion to disqualify counsel for the defendants from representing the plaintiff Congregation Erech Shai Bais Yosef, Inc., (3) granted the defendants' separate motion to fix the amount of an undertaking to the extent of directing the plaintiffs Shulem Malek, Hillel Malek, Hedy Malek, Israel Boim, and Esther Boim to post an undertaking in the amount of only $110,785; and (4) granted the plaintiffs' separate motion for leave to amend the amended complaint.
ORDERED that the appeal by nonparty Mordechai Malek from so much of the order as granted the defendants' motion to fix the amount of an undertaking to the extent of directing the plaintiffs Shulem Malek, Hillel Malek, Hedy Malek, Israel Boim, and Esther Boim to post an undertaking in the amount of only $110,785 is dismissed, as nonparty Mordechai Malek is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants and insofar as reviewed on the appeal by nonparty Mordechai Malek; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
This action arises out of a dispute as to who is authorized to act on behalf of the plaintiff Congregation Erech Shai Bais Yosef, Inc. (hereinafter the Congregation), and in turn, to control the use of real property located at 1364 57th Street in Brooklyn and held in the name of the Congregation (hereinafter the property). The property includes three apartments where the plaintiffs Shulem Malek, Hillel Malek, Hedy Malek, Israel Boim, and Esther Boim (hereinafter collectively [*2]the individual plaintiffs) reside and a basement that is purportedly used as a place of worship for the Congregation. In April 2018, the defendant Yoel Werzberger, who, according to an amended certificate of incorporation dated August 8, 2016, was elected on June 27, 2016, as a trustee and the president of the Congregation, purporting to act on behalf of the Congregation as its "President," commenced three holdover proceedings on behalf of the Congregation in the Civil Court, Kings County, to evict the individual plaintiffs. According to the plaintiffs, no election ever took place, and the amended certificate of incorporation dated August 8, 2016, is a nullity.
The plaintiffs commenced this action against the defendants, inter alia, for a judgment declaring that the amended certificate of incorporation dated August 8, 2016, is null and void, and, in effect, that Werzberger was not authorized to act as the president on behalf of the Congregation in the holdover proceedings. In separate motions, the plaintiffs moved for a preliminary injunction enjoining the defendants from proceeding with the prosecution of the holdover proceedings and to stay the holdover proceedings. The defendants cross-moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint. In an order dated March 8, 2019, the Supreme Court granted the plaintiffs' motions and denied the defendants' cross-motion. In a prior decision and order, this Court affirmed the order dated March 8, 2019, but remitted the matter to the Supreme Court, Kings County, for the fixing of the amount of an undertaking (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1167-1168).
Meanwhile, counsel for the defendants and counsel for the individual plaintiffs both purported to represent the Congregation in this action.
The defendants subsequently moved to compel the individual plaintiffs to pay use and occupancy to the Congregation and to disqualify counsel for the individual plaintiffs from representing the Congregation. The plaintiffs cross-moved to disqualify counsel for the defendants from representing the Congregation. The plaintiffs also separately moved for leave to amend the amended complaint, among other things, to add Mordechai Malek as a defendant. The defendants separately moved to fix the amount of an undertaking. In an order dated September 23, 2021, the Supreme Court denied that branch of the defendants' motion which was to compel the individual plaintiffs to pay use and occupancy to the Congregation. The court also denied that branch of the defendants' motion which was to disqualify counsel for the individual plaintiffs from representing the Congregation, determining that the Congregation did not need independent counsel from the individual plaintiffs where it was merely a passive litigant and named as a necessary party. The court granted the plaintiffs' cross-motion to disqualify counsel for the defendants from representing the Congregation, concluding that allowing the Congregation to be represented by counsel for the defendants prior to determining the outcome of the action presented "an ethical conundrum and a potential conflict of interest." The court granted the defendants' separate motion to fix the amount of an undertaking to the extent of directing the individual plaintiffs to post an undertaking in the amount of $110,785. Finally, the court granted the plaintiffs' separate motion for leave to amend the amended complaint. The defendants and Mordechai Malek appeal. We affirm.
A "landlord may recover a reasonable compensation for the use and occupation of real property, by any person, under an agreement, not made by deed; and a parol lease or other agreement may be used as evidence of the amount to which he is entitled" (Real Property Law § 220; see El Gallo Meat Mkt. v Gallo Mkt., 286 AD2d 255, 255-256). Here, the Supreme Court properly determined that the defendants, whose authority to act on behalf of the Congregation was in dispute, failed to demonstrate their entitlement to an award of use and occupancy (see Real Property Law § 220; Edelman v Berman, 195 AD3d 995, 998; El Gallo Meat Mkt. v Gallo Mkt., 286 AD2d at 255-256). The court also correctly determined that the defendants failed to establish the best measure of an appropriate amount for use and occupancy (see Marini v Lombardo, 79 AD3d 932, 935-936).
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Kaikov v Yadgarov, 216 AD3d 926, 928 [internal quotation marks omitted]; see Delaney v Roman, 175 AD3d 648, 649). Although a party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right, that right "will not supersede a clear showing that disqualification is warranted" (Matter of Marvin Q., 45 AD3d 852, 853). "On [*3]a motion to disqualify an attorney, the moving party bears the burden of showing that disqualification is warranted" (Buckham v 322 Equity, LLC, 229 AD3d 669, 672 [alteration and internal quotation marks omitted]; see Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637).
Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross-motion to disqualify counsel for the defendants from representing the Congregation, which was named a plaintiff in the complaint (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.7[b][3]). The defendants' submissions failed to establish a basis to disturb the court's denial of that branch of their motion which was to disqualify counsel for the individual plaintiffs from representing the Congregation at this point in the litigation (see Buckham v 322 Equity, LLC, 229 AD3d at 672).
"CPLR 6312(b) directs the court to fix an undertaking in an amount that will compensate the defendant for damages incurred 'by reason of the injunction' in the event it is determined that the plaintiff was not entitled to the injunction" (Tahmin v Interlaken Owners, Inc., 228 AD3d 983, 984-985, quoting 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703). The amount "must not be based upon speculation" and must be "rationally related" to the damages the defendants might suffer if the court later determines that the relief to which the undertaking relates should not have been granted (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1168 [internal quotation marks omitted]; see Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874). "The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Boyd v Assanah, 210 AD3d 855, 856-857 [internal quotation marks omitted]).
Here, because the defendants' assertions about the amount they would be entitled to for use and occupancy were based on speculation, the Supreme Court providently exercised its discretion in setting the amount of the undertaking at $110,785 based upon the defendants' combined legal fees (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1168; Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d at 874).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Alsaidi v Alsaede, 227 AD3d 643, 645 [internal quotation marks omitted]; see CPLR 3025[b]). The decision to permit or deny amendment is committed to the sound discretion of the trial court (see Alsaidi v Alsaede, 227 AD3d at 645; LCVAWCP-Doe v Collins, 218 AD3d 557, 558).
Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' separate motion for leave to amend the amended complaint. Contrary to the contentions of the defendants and Mordechai Malek, the proposed second amended complaint set forth allegations which are not palpably insufficient or patently devoid of merit and the defendants and Mordechai Malek failed to demonstrate that they would be prejudiced or surprised by virtue of the proposed second amended complaint (see CPLR 3025[b]; LCVAWCP-Doe v Collins, 218 AD3d at 558).
The remaining contentions of the defendants and Mordechai Malek are not properly before this Court.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court