Edgewater Ventures, LLC v SI Funding, LLC (2026 NY Slip Op 00765)

Edgewater Ventures, LLC v SI Funding, LLC

2026 NY Slip Op 00765

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-09235
 (Index No. 152089/21)

[*1]Edgewater Ventures, LLC, etc., respondent,
vSI Funding, LLC, defendant-appellant, Edgewater Owner, LLC, nominal defendant- appellant.

Sadis & Goldberg, LLP, New York, NY (Douglas R. Hirsch, James Ancone, and Kathleen Reilly of counsel), for defendant-appellant and nominal defendant-appellant.
Seddio & Associates, P.C. (Frank R. Seddio and Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of an option to purchase a 50% interest in a certain business, the defendant and the nominal defendant appeal from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated December 8, 2021. The order granted the plaintiff's motion for a preliminary injunction enjoining the defendant and those acting in concert with it from transferring or encumbering its interest in the nominal defendant and in certain real property owned by the nominal defendant or from taking any distributions from the nominal defendant or entering into any agreement raising the property management or asset management fees relating to the nominal defendant or certain property owned by the nominal defendant without prior permission of the court.
ORDERED that the order is affirmed, with costs.
In November 2021, the plaintiff commenced this action against the defendant, SI Funding, LLC (hereinafter SI Funding), and the nominal defendant, Edgewater Owner, LLC (hereinafter Edgewater, LLC), inter alia, for specific performance of an option to purchase a 50% interest in a certain business. The plaintiff moved for a preliminary injunction enjoining SI Funding and those acting in concert with it from transferring or encumbering its interest in Edgewater, LLC, and in certain real property owned by Edgewater, LLC, or from taking any distributions from Edgewater, LLC, or entering into any agreement raising the property management or asset management fees relating to Edgewater, LLC, or certain property owned by Edgewater, LLC, without prior permission of the Supreme Court. The defendants opposed the motion. In an order dated December 8, 2021, the court granted the plaintiff's motion. The defendants appeal. We affirm.
"'To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor'" (17455 128 Ave., Inc. v HSBC Bank USA, N.A., 228 AD3d 602, 603, quoting Benaim v 52 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301). "[T]he purpose of a preliminary injunction is to maintain the status quo and not to determine the ultimate rights of the parties" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 [*2]AD3d 635, 637; see 17455 128 Ave., Inc. v HSBC Bank USA, N.A., 228 AD3d at 603). The mere fact that there may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction (see CPLR 6312[c]; Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 605). "Generally, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Boyd v Assanah, 210 AD3d 855, 856; see Cushing v Sanford Equities Corp., 223 AD3d 870). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Benaim v 52 Corona, LLC, 214 AD3d at 761; Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 637).
Contrary to the defendants' contention, the Supreme Court properly considered the plaintiff's late-submitted copy of a fully executed nominee agreement, which it had failed to include with its reply papers (see CPLR 2001, 2214; Scarsella v Liberty Coca-Cola Beverages, LLC, 232 AD3d 644, 645; J.P. Morgan Mtge. Acquisition Corp. v Tamaklo, 221 AD3d 873, 874-875). The nominee agreement was referred to in the plaintiff's motion papers and the plaintiff submitted a copy of the agreement to the court and to the defendants on the day that the motion was argued.
Here, the plaintiff established a likelihood of success on the merits, irreparable injury absent a preliminary injunction, and that the equities balanced in its favor. Thus, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction to the extent of enjoining SI Funding from transferring or encumbering its interest in Edgewater, LLC, and in certain real property owned by Edgewater, LLC, or from taking any distributions from Edgewater, LLC, or entering into any agreement raising the property management or asset management fees relating to Edgewater, LLC, or certain property owned by Edgewater, LLC, without prior permission of the court (see Boyd v Assanah, 210 AD3d at 856; Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1568).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court