Sarker v Das (2022 NY Slip Op 01826)





Sarker v Das


2022 NY Slip Op 01826


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-05121
 (Index No. 710439/18)

[*1]Subodh C. Sarker, respondent,
v
Nirmal C. Das, appellant.


Salfarlie, Salfarlie & Associates, P.C., Jamaica, NY (Nazmeen Salfarlie and Steven Alexander Biolsi of counsel), for appellant.
YK Law, New York, NY (Pankaj Malik of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust and to recover damages for breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 23, 2019. The order granted the plaintiff's motion for a preliminary injunction staying all proceedings in a holdover proceeding entitled Matter of Das v Sarker, pending in the Civil Court, Queens County, under Index No. LT-060655-18, pending determination of this action.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for a preliminary injunction staying all proceedings in a holdover proceeding entitled Matter of Das v Sarker, pending in the Civil Court, Queens County, under Index No. LT-060655-18, pending determination of this action, is denied.
The parties are brothers. The defendant is the title owner of certain real property located in Queens, which he acquired from the plaintiff by bargain and sale deed dated August 26, 2002. The plaintiff continued to reside at the subject property after the sale. In May 2018, the defendant commenced a holdover proceeding against the plaintiff entitled Matter of Das v Sarker, in the Civil Court, Queens County, under Index No. LT-060655-18, to evict the plaintiff from the subject property (hereinafter the holdover proceeding). The defendant was successful in the holdover proceeding and a warrant for eviction was ultimately issued. Prior to the scheduled eviction, the plaintiff commenced the instant action against the defendant to impose a constructive trust on the subject property and to recover damages for breach of fiduciary duty and unjust enrichment. The plaintiff moved for a preliminary injunction staying all proceedings in the holdover proceeding pending determination of this action. By order entered January 23, 2019, the Supreme Court granted the plaintiff's motion. The defendant appeals.
Generally, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167; Matter of Goldfarb v Ramapo, 167 AD3d 1009, 1010). Although "the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; see Matter of Armanida Realty Corp. v Town of Oyster [*2]Bay, 126 AD3d 894, 894). "To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166-1167 [internal quotation marks omitted]; see GG Acquisitions, LLC v Mount Olive Baptist Church of Manhasset, 178 AD3d 1023, 1024).
"The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Fakiris v Fakiris, 192 AD3d 993, 994 [internal quotation marks omitted]; see Bekas v Valiotis, 191 AD3d 937, 938). "The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Financial Assistance, Inc. v Graham, 191 AD3d 952, 956 [internal quotation marks omitted]; see Berkovits v Berkovits, 190 AD3d 911, 917). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (John v Varughese, 194 AD3d 799, 800 [internal quotation marks omitted]; see WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1023).
Here, the plaintiff failed to establish a likelihood of success on the merits on any of the causes of action asserted in the complaint. The plaintiff's allegations in his affidavit that he conveyed the subject property to the defendant in reliance on a promise that the defendant would convey the subject property back to the plaintiff once the plaintiff obtained a certain legal status is contradicted by the documentary evidence offered by the defendant in support of the motion demonstrating that the subject property was conveyed to the defendant in exchange for valid consideration. In particular, among other things, the defendant's purchase of the subject property was funded by a note in the sum of $140,000, which was secured by a mortgage that the defendant executed in favor of a third party, and the HUD-1 settlement statement executed by the parties in connection with the transfer recites a contract sales price for the subject property in the sum of $380,000. Although a party moving for a preliminary injunction need not introduce "conclusive" (Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 605) evidence, and the "fact that there . . . may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction" (id. at 605 [internal quotation marks omitted]), the plaintiff here failed to present any probative evidence demonstrating a likelihood of success on the merits. Accordingly, the plaintiff's motion for a preliminary injunction should have been denied.
In light of our determination, we do not reach the parties' remaining contentions.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court