Rhodes v CitiMortgage, Inc. (2022 NY Slip Op 04751)

Rhodes v CitiMortgage, Inc.

2022 NY Slip Op 04751

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-02752
 (Index No. 616021/16.)

[*1]Eric Rhodes, appellant,
v
CitiMortgage, Inc., respondent.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Davidson Fink, LLP (Larry T. Powell and Sills Cummis & Gross, P.C., New York, NY [Joshua N. Howley and Matthew L. Lippert], of counsel), for respondent.

DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 21, 2019. The order, insofar as appealed from, denied the plaintiff's motion for a preliminary injunction and directed dismissal of so much of the complaint as, in effect, sought a permanent injunction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 1996, the plaintiff borrowed a sum of money from the defendant, CitiMortgage, Inc. (hereinafter CitiMortgage). The loan was secured by the shares of stock allocated to the cooperative apartment where the plaintiff resided, and his interest in the proprietary lease to that apartment. The plaintiff defaulted on his payment obligations. By notice dated August 23, 2016, CitiMortgage informed the plaintiff that by reason of his default on his payment obligations, a nonjudicial foreclosure sale of the shares and proprietary lease to his apartment would be conducted on October 20, 2016.
On October 12, 2016, the plaintiff commenced this action against CitiMortgage seeking, inter alia, an injunction "staying the public auction sale of [the plaintiff's shares] . . . and [his] proprietary lease . . . scheduled to be conducted on October 20, 2016." The plaintiff moved, by order to show cause, for a preliminary injunction "prohibiting and enjoining the public action-foreclosure sale of the [the plaintiff's shares] . . . and [his] proprietary lease . . . scheduled to be held on October 20, 2016 . . . ." The plaintiff contended that the nonjudicial foreclosure sale of the shares and the proprietary lease to his apartment must be stayed because, inter alia, CitiMortgage failed to provide the plaintiff with proper notification of the nonjudicial sale at least 90 days prior to the date of the scheduled sale pursuant to UCC 9-611(f).
In an order dated October 13, 2016, the Supreme Court issued a temporary restraining order prohibiting CitiMortgage from holding a nonjudicial foreclosure sale of the plaintiff's shares and proprietary lease pending the issuance of a further order.
Subsequently, CitiMortgage opposed the plaintiff's motion, contending, inter alia, [*2]that the plaintiff was not entitled to a preliminary injunction because the nonjudicial foreclosure sale of the plaintiff's shares and proprietary lease scheduled for October 20, 2016, had been "cancelled" and was "not re-scheduled." Thus, CitiMortgage contended that the plaintiff's request to stay the nonjudicial sale scheduled for October 20, 2016, was academic.
In an order dated October 21, 2019, the Supreme Court, inter alia, denied the plaintiff's motion for a preliminary injunction and directed dismissal of so much of the complaint as, in effect, sought a permanent injunction. The plaintiff appeals.
"The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591; see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167). In exercising that discretion, the Supreme Court must determine if the movant has established "(1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894 [internal quotation marks omitted]; see CPLR 6301; Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166-1167). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; see Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d at 894).
Here, the plaintiff's contention that the notice dated August 23, 2016, failed to comply with UCC 9-611(f) has been rendered academic because the nonjudicial foreclosure sale scheduled by that notice for October 20, 2016, did not proceed (see Matter of Chase v Wells Fargo Bank, N.A. 135 AD3d 751, 753). Thus, the plaintiff failed to demonstrate a likelihood of success on the merits or the prospect of irreparable injury absent a preliminary injunction, and was not entitled to a preliminary injunction prohibiting CitiMortgage from proceeding with the nonjudicial foreclosure sale scheduled to be held on October 20, 2016.
Moreover, the Supreme Court properly exercised its authority to pass upon the sufficiency of the underlying pleading, and properly directed dismissal of so much of the complaint as, in effect, sought a permanent injunction. A motion for a preliminary injunction "'opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading'" (Carroll v Dicker, 162 AD3d 741, 742, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 272). Even if, as the plaintiff contends, CitiMortgage failed to serve him with a notice in compliance with UCC 9-611(f) at least 90 days prior to the sale scheduled for October 20, 2016, such a failure would not entitle him to permanent injunctive relief barring CitiMortgage from scheduling a future nonjudicial sale, provided such sale is preceded by proper notice (see Matter of Chase v Wells Fargo Bank, N.A., 135 AD3d at 753).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court