203-205 N8 Mb, LLC v 203-205 N 8th St., LLC (2023 NY Slip Op 00196)

203-205 N8 Mb, LLC v 203-205 N 8th St., LLC

2023 NY Slip Op 00196

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-01333
 (Index No. 1420/17)

[*1]203-205 N8 MB, LLC, et al., respondents,
v
203-205 N 8th Street, LLC, et al., appellants.

Kriss & Feuerstein, LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, Michael V. Capellupo, and Brenden D. Mahoney of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated December 6, 2019. The order granted that branch of the plaintiffs' motion which was for a preliminary injunction.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was for a preliminary injunction is denied.
Generally, the decision to grant or deny a preliminary injunction lies in the sound discretion of the Supreme Court (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1167; Matter of Goldfarb v Ramapo, 167 AD3d 1009, 1010). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; see Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894). "To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1166-1167 [internal quotation marks omitted]; see Sarker v Das, 203 AD3d 973, 974).
Here, since the plaintiffs failed to demonstrate a likelihood of success on the merits, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for a preliminary injunction (see Minzer v Minzer, 206 AD3d 721, 724; Sarker v Das, 203 AD3d at 975).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court