Cushing v Sanford Equities Corp. (2024 NY Slip Op 00405)

Cushing v Sanford Equities Corp.

2024 NY Slip Op 00405

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-01908
 (Index No. 714585/21)

[*1]Robert Cushing, et al., appellants,
v
Sanford Equities Corp., et al., respondents.

Robert Cushing and Noan-Huey Wu, Flushing, NY, appellants pro se.
Bill Zou and Associates PLLC, Flushing, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered February 24, 2022. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for a preliminary injunction staying a holdover proceeding commenced on behalf of the defendant Sanford Equities Corp. in the Civil Court, Queens County, under Index No. LT-058610-18, pending determination of this action and pursuant to Business Corporation Law § 624 to inspect the books and records of that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Sanford Equities Corp. (hereinafter the cooperative) is a residential cooperative, and the defendant Arthur Kwok is a member of its board. The plaintiffs are shareholders in the cooperative. In July 2021, the plaintiffs moved, inter alia, for a preliminary injunction staying a holdover proceeding commenced on behalf of the cooperative in the Civil Court, Queens County, under Index No. LT-058610-18 and pursuant to Business Corporation Law § 624 to inspect the cooperative's books and records. The Supreme Court denied those branches of the plaintiffs' motion. The plaintiffs appeal.
"To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301; Grassfield v JUPT, Inc., 208 AD3d 1219, 1220). As a general rule, "[t]he decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Rhodes v CitiMortgage, Inc., 207 AD3d 767, 768 [internal quotation marks omitted]; see 203-205 N8 MB, LLC v 203-205 N 8th St., LLC, 212 AD3d 694). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Boyd v Assanah, 210 AD3d 855, 856 [internal quotation marks omitted]; see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 638).
Here, since the plaintiffs failed to demonstrate a likelihood of success on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for a preliminary injunction staying the holdover proceeding (see Sarker v Das, [*2]203 AD3d 973, 974; Liberty Mut. Ins. Co. v Raia Med. Health, P.C., 140 AD3d 1029, 1031-1032).
The Supreme Court also properly denied that branch of the plaintiffs' motion which was to inspect the cooperative's books and records, as the plaintiffs failed to satisfy the requirements of Business Corporation Law § 624(b) (see Matter of Goldstein v Acropolis Gardens Realty Corp., 116 AD3d 776; JAS Family Trust v Oceana Holding Corp., 109 AD3d 639).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court