## CFG Merchant Solutions, LLC v Home Media Tech Fl Inc.

2024 NY Slip Op 33653(U)

October 15, 2024

Supreme Court, Kings County

Docket Number: Index No. 516828/2023

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 15th day of October 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------------X

CFG MERCHANT SOLUTIONS, LLC,

                                        Plaintiff,

                    - against -

HOME MEDIA TECH FL INC DBA
HOME MEDIA TECH FL and ALBA GALINDO,

                                        Defendants.

-------------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 516828/2023

Oral Argument: 9/5/2024

Cal. No.: 15

Ms. No.: 1

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on January 31, 2024 under motion sequence number one, by CFG Merchant Solutions, LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment on the causes of action in its verified complaint and on the affirmative defenses in the amended verified answer with counterclaims[1] of defendants Home Media Tech Fl Inc dba Home Media Tech Fl (hereinafter the company defendant) and Alba Galindo (hereinafter the individual defendant) (collectively the defendants). The motion is unopposed.

-Notice of motion
-Affidavit in support
           Exhibits A-D
-Affirmation in support
           Exhibits 1-4
-Memorandum of law in support
-Statement of material facts

---

[1] The plaintiff's notice of motion states that the plaintiff seeks summary judgment on the causes of action in its verified complaint and on the causes of action in its verified complaint and on the affirmative defenses in the amended verified answer with counterclaims of the defendants. However, the defendants' answer does not contain any counterclaims.

[* 1]

## BACKGROUND

On June 8, 2023, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On July 11, 2023, the defendants jointly interposed and filed an answer with the KCCO.

The verified complaint alleges thirty-one allegations of fact in support of four causes of action. The first cause of action is for breach of contract. The second is for breach of a guarantee agreement. The third is for attorney fees based on the alleged breach of the contract and of the guarantee agreement. The fourth is for unjust enrichment.

The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guarantee dated February 10, 2023, the plaintiff agreed to purchase 14.97% of the company defendant's future receivables having an agreed upon value of $244,200.00. By the agreement, the individual defendant executed a personal guarantee if the company defendant defaulted on the agreement. Pursuant to the agreement, the company defendant agreed to have one bank account approved by plaintiff (hereinafter the bank account) from which the company defendant authorized plaintiff to make daily and/or weekly ACH withdrawals until $244,200.00 was fully paid to the plaintiff.

On May 9, 2023, the company defendant defaulted under the agreement by changing the designated bank account without the plaintiff's authorization. It did so by placing a stop payment on plaintiff's debits to the account or by otherwise taking measures to interfere with plaintiff's ability to collect the future receivables.

[* 2]

The company defendant made payments totaling $55,102.00, leaving a balance of $189,098.00. In addition, pursuant to the agreement, the company defendant incurred a UCC fee in the amount of $195.00, a blocked account fee in the amount of $2,500.00, and a default fee in the amount of $9,454.90, calculated as five percent (5%) of the undelivered portion of the amount sold, or two thousand five hundred dollars ($2,500.00), whichever is greater. There remains a balance due and owing to plaintiff on the agreement in the amount of $201,247.90 plus interest, costs, disbursements, and attorney's fees.

**LAW AND APPLICATION**

The defendants did not submit opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v 1-800 Beargram Co.*, 373 F3d 241 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the. . .court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; see *Cugini v System Lumber Co., Inc.*, 111 AD2d 114 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to

[* 3]

summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank*, 100 NY2d 72 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062 [1993]). If prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept 1990]).

The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*Cruz v Cruz*, 213 AD3d 805 [2d Dept 2023]). To prevail on this branch of the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law.

"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Sarker*

*v Das*, 203 AD3d 973, 975 [2d Dept 2022], citing *Financial Assistance, Inc. v Graham*, 191 AD3d 952, 956 [2d Dept 2021]). A plaintiff's cause of action for unjust enrichment may not be maintained if "a valid contract governing the subject matter" exists (*CSI Group, LLP v Harper*, 153 AD3d 1314, 1317 [2d Dept 2017]). Under such circumstances, "recovery in quasi contract for events arising out of the same subject matter" are generally precluded (*CSI Group, LLP v Harper*, 153 AD3d 1314, 1317 [2d Dept 2017], citing *EBC I, Inc. v Goldman, Sachs & Co.,* 5 NY3d 11, 23 [2005]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Here, plaintiff's claim for breach of contract is undisputedly based on the agreement to purchase the company defendant's future receivables. Consequently, the plaintiff may not maintain a claim for unjust enrichment.

The only sworn testimony proffered in support of the motion is an affirmation of Steven W. Wells, plaintiff's counsel (hereinafter Wells) and an affidavit of James Elder, the collection manager of the plaintiff (hereinafter Elder). Well's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], quoting *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]).

Elder avers personal knowledge of the plaintiff's business practices and procedures. He further avers that the factual allegations proffered in support of the motion for summary judgment are derived from his review of the plaintiff's business

records. He then refers to the four documents attached to the motion, which he described as the agreement, a remittance history, proof of payment, and an ACHWorks Return Report.

Elder avers that pursuant to the agreement, the plaintiff purchased 14.97% of the company defendant's total future receipts up to the sum of $165,000 (hereinafter the amount sold) in exchange for an upfront purchase price of $244,200.00[2]. Elder avers that on February 10, 2023, plaintiff funded the purchase price (less applicable and disclosed upfront fees of $2,934 by applying $84,321 to satisfy the company defendant's outstanding balance under the parties' September 29, 2022, agreement and wiring the company defendant $77,745.00).

Elder further avers that annexed as exhibit B to the motion was proof of the plaintiff's funding of the purchase price. Exhibit B is a one-page document which is largely redacted. Part of the unredacted text states the following: "In accordance with your instructions we have DEBITED your account: ********529 on 2023-02-10 for $77,745.00. If you have any questions please contact your banker."

The plaintiff's motion papers provide no documentary evidence that the company defendant had another agreement with the plaintiff, that the company defendant owed the plaintiff $84,321.00 on that prior agreement, or that the company defendant agreed to have the plaintiff debit $84,321.00 from the purchase price to satisfy the prior debt. The agreement, annexed as exhibit A to the motion, made no mention of a prior agreement or

---

[2] It is apparent to the Court that Elder mistakenly switched the amount purchased with the amount paid. Pursuant to CPLR 2001, the error is disregarded.

Page **6** of **7**

[* 6]

debt between the parties. Nor did the affirmation of plaintiff's counsel. These facts alone raise material issues of fact regarding the plaintiff's performance under the agreement. Consequently, the plaintiff cannot make a prima facie showing of entitlement to judgment on its claim that the company defendant breached the agreement. By not establishing the company defendant's breach of the agreement, the obligation of the individual defendant to guarantee the company defendant's performance was not triggered. Inasmuch, as the plaintiff failed to demonstrate that the company defendant or the individual defendant breached the agreement, this branch of the instant motion is denied without regard to the sufficiency or lack of opposing papers (*see Cugini v System Lbr. Co.*, 111 AD2d 114 [1st Dept 1985]). Also, the plaintiff's third cause of action for attorney fees based on the breach of the agreement and guarantee is also unsupported.

**CONCLUSION**

The motion by CFG Merchant Solutions, LLC for an order pursuant to CPLR 3212 granting summary judgment on the causes of action in its verified complaint asserted against defendants Home Media Tech Fl Inc d/b/a Home Media Tech Fl and Alba Galindo is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.
HON. FRANCOIS A. RIVERA

[* 7]