Miller v 6 Sterling Dr. Trust (2024 NY Slip Op 05204)

Miller v 6 Sterling Dr. Trust

2024 NY Slip Op 05204

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-09502
 (Index No. 603246/22)

[*1]Edward Miller, appellant, 
v
6 Sterling Drive Trust, et al., respondents.

Berg & David PLLC, Inwood, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellant.
Jeffrey Rosenberg P.C., Garden City, NY, for respondents.

DECISION & ORDER
In an action for declaratory relief and to recover damages for a violation of the Fair Debt Collection Practices Act, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 14, 2022. The order, insofar as appealed from, in effect, denied that branch of the plaintiff's motion which was for a preliminary injunction enjoining the enforcement of a judgment by confession entered May 17, 2019.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 5, 2017, the plaintiff and another individual executed a promissory note with the defendant 6 Sterling Drive Trust (hereinafter Sterling). Pursuant to the promissory note, the plaintiff and the other individual agreed to repay a loan of $200,000 to Sterling by July 5, 2018. In May 2019, following a default in repaying the loan, Sterling applied in the Supreme Court, Nassau County, for a judgment by confession against the plaintiff and the other individual. On May 17, 2019, the Nassau County Clerk's Office entered the judgment by confession. Thereafter, the plaintiff commenced this action and moved, inter alia, for a preliminary injunction enjoining the enforcement of the judgment by confession. Prior thereto, the plaintiff allegedly executed a mortgage note, which indicated that "making and delivery of this note and the making and recording of the mortgage securing same, supersedes, replaces and renders void all prior agreements between the parties herein." In an order entered October 14, 2022, the Supreme Court, among other things, in effect, denied that branch of the plaintiff's motion which was for a preliminary injunction enjoining the enforcement of the judgment by confession. The plaintiff appeals.
"To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301; Cushing v Sanford Equities Corp., 223 AD3d 870, 871). As a general rule, "[t]he decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Rhodes v CitiMortgage, Inc., 207 AD3d 767, 768 [internal quotation marks omitted]; see 203-205 N8 MB, LLC v 203-205 N 8th St., LLC, 212 AD3d 694, 694). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Boyd v Assanah, 210 AD3d 855, 856 [internal quotation marks omitted]; see Cushing v Sanford Equities [*2]Corp., 223 AD3d at 871).
Here, since the plaintiff failed to demonstrate a likelihood of success on the merits, the Supreme Court providently exercised its discretion in, in effect, denying that branch of the plaintiff's motion which was for a preliminary injunction enjoining the enforcement of the judgment by confession (see Cushing v Sanford Equities Corp., 223 AD3d at 871; Rhodes v CitiMortgage, Inc., 207 AD3d at 768-769).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court