| Lopez v Lopez |
|:---:|
| 2024 NY Slip Op 34355(U) |
| December 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505909/2024 |
| Judge: Kerry J. Ward |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**Supreme Court of the State of New York**
**County of Kings**

Part ___3___

MARY LOPEZ,

Plaintiff,

-against-

ELVIN LOPEZ AND CLARA LOPEZ,

Defendant(s).

Index Number___505909/2024___
Seq. 001
Calendar No. 32

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

**NYSCEF Docs. Numbered**
Notice of Motion/Order to Show Cause and Affidavits Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-20
Answering Affidavits . . . . . . . . . . . . . . . . . . . . . 25-27
Replying Affidavits . . . . . . . . . . . . . . . . . . . . . 28-31
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Var.
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Var.

Upon the papers before the Court, and having heard oral argument, it is hereby ORDERED as follows:

Plaintiff Mary Lopez moves (1) pursuant to CPLR Section 2201, to stay a certain New York City Housing Court matter captioned "*Elvin Lopez vs. Mary Lopez*" and containing an Index Number LT-050700-23/KI; or in the alternative, (2) Pursuant to CPLR Section 602, consolidating New York City Housing Court matter captioned "*Elvin Lopez vs. Mary Lopez*" and containing an Index Number LT-050700-23/KI with the instant action, Index Number 505909/2024. In the Housing Court matter, Elvin Lopez as plaintiff seeks possession of plaintiff Mary Lopez's apartment located at 157 Hope Street #1, Brooklyn, NY. In the instant action, defendants Elvin and Clara Lopez oppose the motion in its entirety.

### Background and Procedural History

The subject premises (hereinafter, the "Premises") is a multiple dwelling, three family house which was constructed prior to 1947, located at 157 Hope Street in Brooklyn, New York. Plaintiff resides in the ground floor apartment at the Premises, and has resided there since approximately 1971. Defendants reside in the third floor apartment, and have resided there together since approximately 1981. Plaintiff, Mary Lopez, and defendant, Elvin Lopez, are sister and brother. Defendant, Clara Lopez, is the wife of co-defendant, Elvin Lopez and the sister-in-law of plaintiff, Mary Lopez.

1

[* 1]

In 1988, plaintiff and defendant, Elvin Lopez, along with the Seller, Felix Acosta, executed a purported contract of sale for the purchase of the Premises. The purchase price for the Property was $85,000.

At the time that the contract was executed, 10% of the purchase price ($8,500.00) was to be tendered to the Seller's attorney. Plaintiff alleges that she paid the entire contract deposit, and that defendants did not contribute any sums toward the contract deposit (*Affirmation in Support*, NYSCEF Doc. 7). Plaintiff has provided the Court with a handwritten receipt document that purports to be proof of payment of the $8,500.00 (*Exhibit C*, NYSCEF Doc. 10). In opposition, defendants allege that not only did plaintiff did not contribute any amount to the contract deposit, as she did not have the funds at the time, but plaintiff also owed thousands in rental arrears to Mr. Acosta, the prior owner of the Premises. Defendants contend that due to plaintiff's arrears, when defendants finally purchased the Premises in 1990, they were required to pay $19,200.00 in back rent owed by plaintiff to Mr. Acosta as part of the purchase price (*Affirmation of Defendant Elvin Lopez*, NYSCEF Doc. 25).

The initial contract for the sale of the Premises was signed on April 20, 1988. The property closing was held on May 4, 1990. Prior to the closing, a new contract was prepared between the Seller and named defendants Clara and Elvin Lopez as Buyers. Plaintiff Mary Lopez was not a party to the new contract. On May 4, 1990, the Seller executed a Deed to the Property, and the Grantees were defendants Elvin Lopez and Clara Lopez, his wife.

Plaintiff alleges that the intent of the parties was that after the closing, defendants would transfer 50% of title to the Premises to plaintiff at an unspecified future date, and that this intention was reaffirmed several times throughout the following years (*Plaintiff's Affirmation in Support*, NYSCEF Doc. 7). Plaintiff has provided no documentary evidence to support this claim.

After defendants purchased the Premises, they allege that they engaged in a landlord-tenant relationship with plaintiff, during which time they contend plaintiff had fallen behind on rent payments. In evidence, defendants have provided what appears to be an agreement and acknowledgment, dated November 28, 2022, between defendants and plaintiff that plaintiff is or was significantly in rental arrears for the entire year of 2021. The agreement appears to be signed

2

by both defendant Elvin Lopez as landlord and plaintiff Mary Lopez as tenant (*Exhibit A*, NYSCEF Doc. 26).

Sometime in 2023, defendants commenced the aforementioned proceeding in Housing Court against plaintiff Mary Lopez for (a) payment of accrued "rent", and (b) for possession of the apartment.

On February 28, 2024, plaintiff commenced the instant action to recognize plaintiff's unencumbered fee ownership of a 50% interest in the Property, to create a Constructive Trust and a Resulting Trust in favor of plaintiff, to obtain a finding of unjust enrichment, equitable estoppel, and a finding of fraud against defendants, to obtain a declaratory judgment recognizing plaintiff's status as a Rent-Controlled Tenant, and other claims.

### Stay of Housing Court Matter

Plaintiff seeks a temporary stay of the matter pending against her in Housing Court, Index Number LT-050700-23/KI, for the purpose of maintaining the "status quo" of the residential premises located at 157 Hope Street until the determination of plaintiff's causes of action raised in her Complaint in the instant action. In Housing Court, a trial date was scheduled for April 26, 2024, but was temporarily stayed pending the hearing of plaintiff's motion in the instant action by Order to Show Cause signed on April 19, 2024 (*Signed Order to Show Cause*, NYSCEF Doc. 20).

CPLR 2201 authorizes the granting of a stay "in a proper case, upon such terms as may be just." A court has broad discretion in deciding whether or not to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources (*Matter of Hersh*, 198 A.D.3d 773, 775, 156 N.Y.S.3d 62, 64 [2021]). "Although the purpose of a preliminary injunction is to preserve the status quo…the remedy is considered a drastic one, which should be used sparingly…To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (*Sarker v. Das*, 203 A.D.3d 973, 164 N.Y.S.3d 213, 215–16 [2022]). Although a party moving for a preliminary injunction need not introduce "conclusive" evidence, the "fact that there…may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction" (*Ying Fung Moy v. Hohi Umeki*, 10 A.D.3d 604, 605, 781 N.Y.S.2d 684).

3

[* 3]

In *Sarker*, a home vendor brought an action against a purchaser, who was vendor's brother, for constructive trust and damages for breach of fiduciary duty and unjust enrichment, alleging that the conveyance had been made in reliance on purchaser's promise that he would convey the home back to vendor once vendor obtained a certain legal status. The court initially granted vendor's motion for preliminary injunction staying all proceedings in a pending holdover proceeding brought by purchaser against vendor. Upon the purchaser's appeal, the Appellate Court held that vendor did not show a likelihood of success in his action, and thus the injunction granted was in error. The Court held that the "plaintiff...failed to present any probative evidence demonstrating a likelihood of success on the merits" and accordingly, the plaintiff's motion for a preliminary injunction should have been denied (*Sarker v. Das*, 203 A.D.3d 973, 164 N.Y.S.3d 213, 215–16 [2022]).

Similarly in the instant action, the Court finds that plaintiff has failed to establish a likelihood of success on the merits on any of the causes of action asserted in the Complaint. In support of her contentions, plaintiff provided the Court with a copy of two receipts for water bills she paid in January and February of 2022, and a copy of an order for window guards, although the copy provided to the Court is not legible, and appears to be unsigned by the merchant. Thus, the Court finds that plaintiff failed to present any probative evidence, and is insufficient to demonstrate a likelihood of success on the merits.

Another factor to be considered is whether the status quo is being preserved while the parties await trial in Housing Court; it appears that plaintiff has remained in possession of her apartment during the pendency of the Housing Court matter, as well as the instant action (*Affirmation of Defendant Elvin Lopez*, NYSCEF Doc. 25). Thus, the Court does not find that plaintiff will be irreparably injured absent the injunction. Moreover, the Housing Court action, commenced sometime in 2023, has been proceeding for approximately a year longer than this action and had been scheduled for trial before it was stayed pending a determination in the instant action (*Signed Order to Show Cause*, NYSCEF Doc. 20). It would be inequitable to stay the Housing Court matter at such a late stage of proceedings.

Housing Court is a specialized court, equipped to handle the nuanced nature of this matter, as the crux of the instant action is a housing issue. Thus, it is in the interest of justice to have this matter heard before Housing Court. It should be noted that plaintiff's claims in this action may be asserted as counterclaims or affirmative defenses to the allegations in the landlord-

4

[* 4]

INDEX NO. 505909/2024

RECEIVED NYSCEF: 12/12/2024

tenant action, and can therefore be adjudicated in Housing Court. Plaintiff is also free to pursue her claim to be recognized as a rent-controlled tenant in the Housing Court action.

Accordingly, plaintiff's motion for a stay is DENIED.

The alternative relief requested in plaintiff's motion asks that the instant action be consolidated with the related matter currently pending in Housing Court. A motion for consolidation is addressed to the sound discretion of the court, and absent a showing of substantial prejudice by the party opposing the motion, consolidation is proper where there are common questions of law and fact (*RCN Const. Corp. v. Fleet Bank, N.A.,* 34 A.D.3d 776, 777, 825 N.Y.S.2d 140, 141 [2006]). The Court finds it would be inequitable to consolidate the instant action and the Housing Court matter at such a late stage of proceedings. Thus, with regard to plaintiff's request for the consolidation of the two matters, the alternative relief requested is hereby DENIED.

Plaintiff's motion is hereby DENIED in its entirety.

This hereby constitutes the Decision and Order of the Court.

DATED: 12/12/24

ENTER:

HON. KERRY J. WARD
A.J.S.C.

Hon. Kerry J. Ward, A.J.S.C.

[* 5]