Mantis Funding LLC v Kasa Distrib. Corp. (2025 NY Slip Op 50683(U))

[*1]

Mantis Funding LLC v Kasa Distrib. Corp.

2025 NY Slip Op 50683(U)

Decided on April 29, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through May 07, 2025; it will not be published in the printed Official Reports.

Decided on April 29, 2025
Supreme Court, Kings County

Mantis Funding LLC, Plaintiff,

against
Kasa Distribution Corp. and Paul Lavoie, Defendants.

Index No. 526163/2019

Attorney for Plaintiffs Mantis Funding LLC
Jeffrey Zachter, Esq.
2 University Plaza, Suite 205,
Hackensack, NJ 07601
Attorney for Defendants Kasa Distribution Corp. and Paul Lavoie
Amos Weinberg, Esq.
49 Somerset Dr. S., 
Great Neck, NY 11020

Francois A. Rivera, J.

SUPERSEDING DECISION & ORDER [FN1]

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on August 22, 2024, under motion sequence number four, by Mantis Funding LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement and unjust enrichment asserted against Kasa Distribution Corp. (hereinafter the company defendant) and Paul Lavoie (hereinafter the individual defendant) (hereinafter collectively the defendants). The motion is opposed.
-Notice of Motion
-Statement of Material Facts
-Affirmation in Support
-Affidavit in Support
Exhibits A-E
-Memorandum of law in opposition
Exhibits A-B
-Counterstatement of material facts
-Memorandum of law in reply
BACKGROUND
On December 2, 2019, plaintiff commenced the instant action by filing a summons and complaint with the Kings County Clerk's office (KCCO). On January 7, 2020, the defendants interposed and filed a joint answer with the KCCO. 
The complaint alleges twenty-five allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for breach of a guaranty agreement, and the third is for unjust enrichment.
The complaint alleges the following salient facts. On October 3, 2019, plaintiff and defendants entered into an agreement (hereinafter the agreement) whereby plaintiff agreed to purchase all rights to company defendant's future receivables having an agreed upon value of $37,000.
Pursuant to the agreement, company defendant agreed to have one bank account approved by plaintiff (the "Bank Account") from which company defendant authorized plaintiff to make daily ACH withdrawals until $37,000 was fully paid to plaintiff. 
In addition, the individual defendant agreed to guarantee all amounts owed to plaintiff from company defendant upon a breach in performance by company defendant. Plaintiff remitted the purchase price for the future receivables to company defendant as agreed. Initially, company defendant met its obligations under the agreement. Company defendant stopped making its payments to plaintiff and otherwise breached the agreement by intentionally impeding and preventing plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations.
Company defendant made payments totaling $5,040, leaving a balance of $31,960. In addition, pursuant to paragraph 6 in Appendix A of the agreement, company defendant incurred a blocked account fee in the amount of $2,500. Despite due demand, the company defendant has failed to pay the amounts due and owing by company defendant to plaintiff under the agreement. Additionally, the guarantor is responsible for all amounts incurred as a result of any default of the company defendant. There remains a balance due and owing to plaintiff on the agreement in the amount of $34,460, plus interest, costs, disbursements and attorney's fees.
LAW AND APPLICATION
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating "the absence of any material issues of fact" (Alvarez, 68 NY2d at 324; Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v. Gervasio, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to [*2]produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
Pursuant to CPLR 3212(b) a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, "that there is no defense to the cause of action or that the cause of action or defense has no merit." Further, all the evidence must be viewed in the light most favorable to the opponent of the motion (Marine Midland Bank v. Dino & Artie's Automatic Transmission Co., 168 AD2d 610 [2d Dept 1990])" (People ex rel. Spitzer v. Grasso, 50 AD3d 535, 544 [1st Dept 2008]).
In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation by its counsel, Jeffrey Zachter (hereinafter Zachter), and an affidavit of Kathleen Fink, plaintiff's director of risk management (hereinafter Fink). Zachter's affirmation demonstrated no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (Nerayoff v Khorshad, 168 AD3d 866, 867 [2d Dept 2019], citing Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]).
Zachter's affirmation referred to the affidavit of Fink in further support of the motion. It is noted, however, that neither the complaint, the affirmation of Zachter or the affidavit of Fink alleged the specific amount of the purchase price for the company defendant's future receivables. There was also no documentary evidence demonstrating that the plaintiff paid any amount to the company defendants for its future receivables. 
The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Cruz v Cruz, 213 AD3d 805 [2d Dept 2023]).
To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided no evidence demonstrating that it performed its part of the agreement by paying the defendants the agreed-upon purchase price. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the company defendant breached the agreement, the obligation of the guarantor was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.
"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Sarker v Das, 203 AD3d 973, 975 [2nd Dept 2022], citing Financial Assistance, Inc. v Graham, 191 AD3d 952, 956 [2d Dept 2021]).
A plaintiff's cause of action for unjust enrichment may not be maintained if a valid contract governing the subject matter exists. Under such circumstances, recovery in quasi contract for events arising out of the same subject matter are generally precluded (see CSI Group, LLP v Harper, 153 AD3d 1314, 1317 [2d Dept 2017], citing EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23 [2005]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Plaintiff's claims for breach of contract and for breach of a guaranty agreement were undisputedly based on the agreement made between the parties. Consequently, plaintiff may not maintain a claim for unjust enrichment.
Inasmuch, as the plaintiff failed to demonstrate that the defendants breached the agreement, the motion is denied without regard to the sufficiency of the defendants' opposing papers (Cugini v. System Lbr. Co., 111 AD2d 114 [1st Dept 1985]).
CONCLUSION
The motion by Mantis Funding LLC for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement and unjust enrichment as asserted against defendants Kasa Distribution Corp. and Paul Lavoie is denied.
The foregoing constitutes the decision and order of the Court.
ENTER:
J.S.C.

Footnotes

Footnote 1: The instant decision and order supersedes and explains the short form order filed on April 18, 2025, under NSCEF number 64