Tantillo v Cutrone (2025 NY Slip Op 03093)

Tantillo v Cutrone

2025 NY Slip Op 03093

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-05727
 (Index No. 618523/21)

[*1]Raymond Tantillo, et al., appellants,
v
Elizabeth Cutrone, respondent.

Damon A. Hagan, East Quogue, NY, for appellants.
Pinks, Lipshie & White, Hauppague, NY (Teresa A. White of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that an easement over a certain portion of real property is invalid, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 7, 2023. The order, insofar as appealed from, granted the defendant's motion for a preliminary injunction enjoining the plaintiffs from interfering with her use of the subject portion of real property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs and the defendant are the respective owners of two adjoining parcels of real property located in Setauket. In August 2021, the plaintiffs commenced this action, inter alia, for a judgment declaring that the defendant did not have an easement over a 10-foot-wide strip of land on the plaintiffs' property. The defendant interposed an answer and asserted, among other things, a counterclaim for a judgment declaring that an easement for the defendant's benefit existed over the plaintiffs' property for purposes of ingress and egress to and from a common beach. The defendant moved for a preliminary injunction enjoining the plaintiffs from interfering with the her use of the easement. In an order dated June 7, 2023, the Supreme Court, inter alia, granted the defendant's motion. The plaintiffs appeal.
"To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Boyd v Assanah, 210 AD3d 855, 856 [internal quotation marks omitted]; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895 [internal quotation marks omitted]; see 203-205 N8 MB, LLC v 203-205 N 8th St., LLC, 212 AD3d 694, 694).
Here, the defendant demonstrated a likelihood of success on the merits as the parties' submissions indicate that the plaintiffs' property was conveyed to the plaintiffs subject to an easement benefitting the adjoining property now owned by the defendant. The defendant also demonstrated both that her right to the easement would be irreparably injured if the preliminary [*2]injunction is withheld, as the plaintiffs were in the midst of construction and had plans to make various changes to the area of the easement which would impede the defendant's ability to use it, and that the balance of the equities favored injunctive relief (see 159 Smith, LLC v Boreum Hill Prop. Holdings, LLC, 191 AD3d 741, 742; XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591; Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942).
Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion for a preliminary injunction.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court