Speyside Holdings, LLC v Nebari Natural Resources Credit Fund I, LP (2025 NY Slip Op 06208)

Speyside Holdings, LLC v Nebari Natural Resources Credit Fund I, LP

2025 NY Slip Op 06208

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-03876
 (Index No. 604646/21)

[*1]Speyside Holdings, LLC, et al., appellants,
v
Nebari Natural Resources Credit Fund I, LP, et al., respondents, et al., defendants.

Robert J. Del Col, Bay Shore, NY (Michael Christopher Cox of counsel), for appellants.
Foley & Lardner LLP, New York, NY (Barry G. Felder, Rachel E. Kramer, Graham D. Welch, and Samuel J. Fishman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated May 28, 2021. The order denied that branch of the plaintiffs' motion which was for a preliminary injunction restraining the defendants from proceeding with a foreclosure sale pursuant to UCC article 9 of equity interests in the plaintiffs SRG Horseblock IV, LLC, SRG Horseblock II, LLC, SGD Group Holdings II, LLC, and SGD Group Holdings III, LLC.
ORDERED that the order is affirmed, with costs.
In February 2020, the plaintiffs Speyside Holdings, LLC, Speyside Holdings II, LLC, CEM III, LLC, SRG Horseblock IV, LLC, SRG Horseblock II, LLC, SGD Group Holdings III, LLC, and SGD Group Holdings II, LLC (hereinafter collectively the borrowers), executed a loan agreement in the amount of approximately $17.1 million in favor of the defendant Nebari Natural Resources Credit Fund I, LP (hereinafter Nebari). The loan agreement was secured by a mortgage on certain parcels of commercial real property located in Orange County and Suffolk County. In connection with the loan agreement, a separate pledge agreement provided for a second form of collateral, consisting of equity interests in the borrowers.
Based on the borrowers' alleged default on the loan, Nebari scheduled a UCC article 9 foreclosure auction. The property to be auctioned was the equity interests in SRG Horseblock IV, LLC, SRG Horseblock II, LLC, SGD Group Holdings II, LLC, and SGD Group Holdings III, LLC, which entities collectively owned the mortgaged property located in Suffolk County, consisting of approximately 57 acres of industrial land.
In March 2021, the borrowers, among others, commenced the instant action against, among others, Nebari. At that time, the plaintiffs moved, inter alia, for a preliminary injunction restraining the defendants from proceeding with the UCC article 9 foreclosure sale. In an order dated May 28, 2021, the Supreme Court denied that branch of the plaintiffs' motion. The plaintiffs appeal.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for a preliminary injunction restraining the defendants from proceeding with the UCC article 9 foreclosure sale. "To establish the right to a preliminary injunction, a movant [*2]must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301; Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (Matter of 1650 Realty Assoc., LLC v Golden Touch Mgt., Inc., 101 AD3d 1016, 1018 [internal quotation marks omitted]). The decision to grant or deny provisional relief is ordinarily committed to the sound discretion of the Supreme Court (see Sarker v Das, 203 AD3d 973, 974).
Here, the plaintiffs' interest in the mortgaged Suffolk County property is commercial, involving only the potential loss of their investment. Thus, since that loss could be compensated by money damages, the plaintiffs failed to demonstrate that they would sustain irreparable injury absent a preliminary injunction (see Lombard v Station Sq. Inn Apts. Corp., 94 AD3d 717, 718-719; see also Shelbourne BRF LLC v SR 677 Bway LLC, 192 AD3d 444). The plaintiffs also did not demonstrate a likelihood of success on the merits, nor did they establish a balancing of the equities in their favor (see Lombard v Station Sq. Inn Apts. Corp., 94 AD3d at 718).
The parties' remaining contentions are without merit.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court